SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, CA 92081
Ph: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiff
MARY GREENLEE

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GREENLEE an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT SOLUTIONS, INC.; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **CALIFORNIA ROSENTHAL ACT,**<br>2. **TELEPHONE CONSUMER PROTECTION ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, an individual, by and through her attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant NAVIENT SOLUTIONS, INC. (hereinafter "NAVIENT") for unlawful

harassment in connection with alleged debt collection activity, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent—by utilizing an automatic telephone dialing system (ATDS) and pre-recorded and artificial voice messages.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*,

2
**Complaint for Damages**

2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature issued the following findings and purpose in creating the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"):

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due

3
**Complaint for Damages**

regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and the State of California RFDCPA, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5. Because Defendant regularly does business in the County of Riverside, State of California and maintains an agent for service of process at 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO CA 95833, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the City of Temecula, County of Riverside, and witnesses are located within those locations, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiff is a natural person.

8. Defendant NAVIENT regularly does business in the State of California

4
**Complaint for Damages**

1  and maintains an agent for service of process within the State of California.

2      9.    Plaintiff is a natural person, and is therefore a "person" as that term is
3  defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

4      10.    Although Plaintiff is not obligated to pay a consumer debt to Defendant,
5  she is considered an aggrieved party by Defendant's unlawful conduct and therefore has
6  standing to bring suit despite not being a "debtor" as that term is defined by California
7  Civil Code § 1788.2(h) of the Rosenthal Act, since Defendant has regularly harassed
8  her in an effort to obtain payment upon her husband's student loan obligation, and
9  because Defendant has also sent her written correspondence claiming that it holds her
10 loan. *See Wright v Finance* Service (6th Cir. 1994) 22 F3d 647; *Hoffman v GC services*
11 (East. Dist. Tenn. 2010) 2010 US Dist LEXIS 139509; *Isaac v RMB* (No. Dist.
12 Alabama 2014) 2014 US Dist LEXIS 97543; *Davis v Midland* (East. Dist. Calif. 2014)
13 2014 US Dist LEXIS 109309.

14     11.    The credit extended by Defendant to Plaintiff's husband constitutes a
15 "consumer credit transaction", as that term is defined by California Civil Code §
16 1788.2(e) of the Rosenthal Act, because finances were provided to Plaintiff's as a
17 student loan in exchange for him to re-pay Defendant the principal plus interest in the
18 future.

19     12.    Because Plaintiff, a natural person, was allegedly obligated to pay money
20 to Defendant for student loan financing, the money allegedly owed was therefore both a
21 "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the

5
**Complaint for Damages**

Rosenthal Act and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

13. Defendant, in the ordinary course of business, regularly, and on behalf of themselves, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by California Civil Code section 1788.2(b) of the Rosenthal Act.

14. Because Defendant engages in "debt collection", Defendant is therefore a "debt collector" as that term is defined by California Civil Code section 1788.2(c) of the Rosenthal Act.

15. With regards to the TCPA cause of action, Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

16. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. Prior to their marriage, Plaintiff's husband contracted with Sallie Mae to obtain a loan to fund his higher education.

18. At some point thereafter, Salle Mae sold the outstanding debt to Defendant NAVIENT.

19. During the marriage, Plaintiff would occasionally call NAVIENT to make payments over the phone to her husband's student loan obligation, since she controlled

the finances within the marriage.

20. Plaintiff herself is not an obligor upon the loan, as the debt was incurred prior to their marriage.

21. Plaintiff never once agreed to be obligated upon the debt.

22. Plaintiff utilizes a wireless cellular telephone—which number ends in 9220—in her every day business and personal lives.

23. Plaintiff never once provided her wireless cellular telephone number to Defendant, and never once agreed that she could be contacted on that phone number by Defendant.

24. Plaintiff is informed and believes that Defendant "trapped" her phone number when she previously called Defendant to make payments over the phone, and Defendant then saved her number to her husband's account profile without her permission or authorization.

25. Plaintiff has received at least 100 calls from Defendant in Defendant's efforts to collect upon the student loan obligation owed by her husband only.

26. Defendant's calls to Plaintiff have been placed to her wireless cellular telephone ending in 9220 with an automatic telephone dialing system ("ATDS").

27. Every call placed to Plaintiff's cellular telephone resulted in her having to wait a few seconds upon answering the call and saying hello multiple times until a live agent connected, which has given Plaintiff information and belief that Defendant's calls to her cellular telephone were placed with an ATDS.

28. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing systems place calls without human intervention until a connection is made with a person on the receiving end of the call, at which time the dialers attempt to connect the recipient with a live agent of the debt collector.

29. Many calls to Plaintiff's wireless cellular telephone that Plaintiff has answered have resulted in Plaintiff hearing a pre-recorded message informing her that the call is being placed by Defendant and asking her to wait for a live agent.

30. The calls to Plaintiff's cellular telephone were not for emergency purposes, as they were intended solely for debt collection activity.

31. Since approximately October of 2014, Plaintiff and her husband became separated, and Plaintiff has ceased controlling her husband's financial matters.

32. Since October of 2014, Plaintiff has repeatedly told Defendant to stop calling her and Plaintiff has repeatedly insisted that she is not obligated upon the loan and that she should not be contacted any further upon it.

33. Plaintiff's insistence that Defendant stop calling her has been met with resistance by Defendant's agents, as on many occasions Defendant's agents have insisted that they will continue to call her until her husband specifically asks that her number be removed from his account profile.

34. Defendant's refusal to honor Plaintiff's request that the calls being placed

1 to her cease is unlawful, as Plaintiff is an individual consumer who is entitled to make
2 the decision to have her number removed from Defendant's profile for her husband.

3      35.   On February 18, 2015, Plaintiff faxed a letter to Defendant insisting that
4 they not call her any more, and requested that Defendant only communicate with her in
5 writing.

6      36.   Plaintiff has confirmation that the fax to Defendant's fax number 800-848-
7 1949 was successfully delivered.

8      37.   However, Defendant has still placed at least 20 calls to Plaintiff's wireless
9 cellular telephone with an ATDS since Plaintiff faxed her written letter.

10     38.   The calls to Plaintiff's wireless cellular telephone continue to this very
11 day.

12     39.   Defendant's unlawful harassment in connection with unnecessary debt
13 collection activity has caused mental anguish to Plaintiff, in that she has suffered
14 annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the
15 fact that she is being distracted in her work obligations by Defendant's incessant calls
16 and refusal to honor her request to stop calling her.

17     40.   Defendant has even sent written correspondence to Plaintiff dated April 8,
18 2015 that claims it—or one of its affiliates—owns Plaintiff's education loan, despite the
19 fact that Plaintiff has never once obtained an education loan from Defendant or any of
20 its affiliates.

21 ///

**FIRST CAUSE OF ACTION**
**CALIF. ROSENTHAL ACT**
**CALIF. CIV. CODE §§ 1788-1788.32**

41.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

42.     By repeatedly calling Plaintiff despite her clear insistence that she has nothing to do with her separated husband's student loan with Defendant and also insisting that Defendant stop calling her, Defendant has engaged in engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA; has communicated with her more than once in violation of 15 U.S.C. § 1692b(3) of the Federal FDCPA; and has engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d of the FDCPA.  These violations of the FDCPA constitute violations of the RFDCPA as they have been incorporated therein by Calif. Civ. Code § 1788.17.

43.     By sending written correspondence to Plaintiff in April of 2015 claiming that it or one of its affiliates owns her education loan, despite the fact that Plaintiff has never once obtained an education loan from Defendant or any of its affiliates, Defendant has Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e; Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A); Has used false representations and deceptive means to collect or attempt

10
**Complaint for Damages**

to collect a debt in violation of 15 U.S.C. § 1692e(10); and Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f. These violations of the FDCPA constitute violations of the RFDCPA as they have been incorporated therein by Calif. Civ. Code § 1788.17.

44. As a result of these violations, Plaintiff has suffered mental anguish as described in the factual allegations above.

45. Defendant's violations above were knowing and willful because Plaintiff has repeatedly insisted that Defendant stop calling her and has repeatedly informed Defendant that she has nothing to do with the loan, yet Defendant's agents have expressly rejected her wishes.

## SECOND CAUSE OF ACTION
(TCPA)
47 U.S.C. § 227(b)
48

46. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

47. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system (ATDS) and pre-recorded voice messages to call Plaintiff's wireless cellular phone ending 9220 at least 100 times without her ever once giving Defendant permission to call her upon that number, and the calls were therefore without Plaintiff's prior express consent. Since the calls were placed for debt collection attempts the calls, the calls were not for emergency purposes.

48. These calls have persisted despite Plaintiff repeatedly telling Defendant

verbally to stop calling her and also despite her delivering written correspondence on February 18, 2015 insisting that they stop calling her.

49. Upon information and belief, these violations of the TCPA were knowing and willful because Plaintiff has repeatedly informed Defendant to stop calling her and has repeatedly insisted that she has nothing to do with the loan, and Defendant's agents have expressly rejected her wishes.

50. Defendant continues to place the offending calls to this day, and the violations are on-going.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action (Calif. RFDCPA):**

1. An award of actual damages for pursuant to California Civil Code section 1788.30(a), as will be proven at trial; plus

2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

4. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

**As to the Second Cause of Action (TCPA):**

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

DATED: 05/10/2015                         /s/ Jared M. Hartman, Esq.
                                          JARED M. HARTMAN, ESQ.
                                          Attorney for Plaintiff,

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 05/10/2015                         /s/ Jared M. Hartman, Esq.
                                          JARED M. HARTMAN, ESQ.
                                          Attorney for Plaintiff,

**Complaint for Damages**